UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-40095-BEM |
| JOY LYNN PATTERSON, | : | CHAPTER 7 |
| DEBTOR. | : | |
| | : | |
| TRACEY L. MONTZ, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOY LYNN PATTERSON, | : | ADVERSARY PROCEEDING |
| PLAINTIFF, | : | CASE NO. _____ |
| V. | : | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF NRZ PASS-THROUGH TRUST X, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST, | : | |
| DEFENDANTS. | : | |

**COMPLAINT TO IMPOSE STAY AND ENJOIN ACTIONS AGAINST ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 105; TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIEN OR OTHER INTEREST IN ESTATE PROPERTY OR ALTERNATIVELY TO AVOID, RECOVER, AND PRESERVE TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 550, AND 551; AND FOR OTHER RELATED RELIEF**

NOW COMES the plaintiff Tracey L. Montz ("**Chapter 7 Trustee**" or

"**Plaintiff**"), in her capacity as the Chapter 7 Trustee of the bankruptcy estate of Joy Lynn

Patterson, fka Joy Fleming ("**Debtor**") who files this Complaint (the "**Complaint**")

against the defendants U.S. Bank National Association, as Trustee of NRZ Pass-Through

Trust X ("**US Bank**") and U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust ("**US Bank Trust**" and collectively with US Bank "**Defendants**"), and respectfully shows as follows:

### Jurisdiction and Procedural Background

1. The Debtor filed a voluntary petition for chapter 7 bankruptcy relief on January 28, 2022 (the "**Petition Date**"), and assigned case no. 22-40095-bem (the "**Bankruptcy Case**") to this Court (the "**Bankruptcy Court**"). The Chapter 7 Trustee was subsequently appointed as trustee.

2. This action arises under, arises in, or is related to the Bankruptcy Case and this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O) and venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

4. This Complaint is an adversary proceeding commenced pursuant to Fed. R. Bankr. P. 7001. Plaintiff seeks: (i) to impose a stay and enjoin Defendants' actions against property of the bankruptcy estate; (ii) to determine that the Chapter 7 Trustee's status as a judgment lien creditor and bona fide purchaser of real property has priority over Defendants' defective security deed, or alternatively, to avoid, recover, and preserve for the benefit of the bankruptcy estate Defendants' security deed pursuant to 11 U.S.C. §§ 544, 550 and 551; and (ii) to obtain related relief.

5. Defendant US Bank is a federally insured depository institution and can be served pursuant to Fed. R. Bankr. P. 7004(h) by mailing a copy of the summons and complaint

via certified mail addressed to: U.S. Bank National Association, c/o Andrew Cecere CEO, 425 Walnut Street, Cincinnati, OH 45202.

6.     Defendant US Bank Trust is a trust subsidiary of US Bank organized under 12 U.S.C. § 92a, *not* federally insured, and can be served pursuant to Fed. R. Bankr. P. 7004(b)(3) by mailing a copy of the summons and complaint via first class mail addressed to: U.S. Bank Trust National Association, c/o Officer or Agent for Service of Process, 300 Delaware Ave Ste 901, Wilmington, DE 19801.

7.     The Chapter 7 Trustee has standing to bring this action because, as discussed below, the Chapter 7 Trustee has a claim to real property superseding that of Defendants' claim to the same property, and said superseding claim may be established by a favorable decision from this Bankruptcy Court.

## Factual Allegations

8.     In 1998, the Debtor and her former spouse, Michael Fleming, obtained title to real property located at 7237 Highway 225 S, Chatsworth, GA 30705 (the "**7237 Property**"). The 7237 Property consists of three tracts of land, a road access easement to Highway 225, and a permanently affixed mobile home.

9.     Importantly, the Debtor and her former spouse obtained the 7237 Property through two *separate* warranty deeds as follows:

    a. Warranty deed recorded on March 11, 1998, in deed book 294, page 248, Superior Court of Murray County, GA records that conveyed a 1.45 acre tract upon which the permanently affixed mobile home is located along with a road access easement (the "**Home Tract**"); and

      b. Warranty deed recorded on December 28, 1998, in deed book 315, page 688, Superior Court of Murray County, GA records that conveyed two tracts of land adjacent to the Home Tract, one to the north and one to the south (the "**Land Tracts**").

10. On October 26, 2001, Defendants' prior party in interest Option One Mortgage Corp. obtained and recorded a security deed in deed book 400, page 314, Superior Court of Murray County, GA records that conveyed a security interest in *only* the Land Tracts (the "**Security Deed**").

11. The Security Deed was assigned several times to eventually rest with either US Bank or US Bank Trust.  It is unclear from the deed records because there is a fork in the assignment chain.  US Bank's immediate assignor, Citibank, N.A. as Trustee of NRZ Pass-Through Trust VI, assigned the Security Deed to US Bank via an assignment recorded on July 23, 2018 at deed book 904, page 395, Superior Court of Murray County, GA records.  However, the aforementioned assignor then assigned the Security Deed a second time to MTGLQ Investors, L.P. via an assignment recorded on April 23, 2019 at deed book 922, page 694, Superior Court of Murray County, GA records, which after two more assignments came into the hands of US Bank Trust.

12. The Debtor and Michael Fleming divorced and the Debtor was awarded full title, use, and possession of the 7237 Property through a Final Judgment & Decree of Divorce entered on September 24, 2020 in the Superior Court of Murray County, GA, case no. 20-CI-0322 which incorporated a Settlement Agreement entered in the same case on July 17, 2020.

13. Therefore, on the Petition Date in the underlying Bankruptcy Case, the Debtor was the sole equitable owner of the entire 7237 Property and the Home Tract was not covered by Defendants' Security Deed.

14. Under the belief that the Security Deed covered the entire 7237 Property, the Debtor listed in her bankruptcy schedules the 7237 Property as being subject to a mortgage serviced by SN Servicing with little apparent equity.

15. In turn, the Chapter 7 Trustee did not view the 7237 Property as a viable asset worth administering in the Bankruptcy Case.

16. On April 27, 2022, US Bank Trust filed a Motion for Relief from Stay requesting that the automatic stay be lifted to pursue its remedies against the 7237 Property (Bankruptcy Case Doc. No. 13). In that motion, US Bank Trust asserted it had a valid, enforceable mortgage on the 7237 Property and did not disclose to the Bankruptcy Court any defects in its Security Deed.

17. It is unknown to the Chapter 7 Trustee at this time, but it may be revealed during discovery, whether or not the Defendants knew about problems with the Security Deed and actively chose not to disclose those problems to the Bankruptcy Court and the Chapter 7 Trustee.

18. The Bankruptcy Case was closed with a discharge on May 23, 2022.

19. On June 30, 2022, Defendant US Bank Trust filed a Complaint for Equitable Reformation (the "**Reformation Complaint**") in the Superior Court of Murray County, GA, case no. 22-CI-0337 (the "**Reformation Case**") against the Debtor and various other defendants, but *not* the Chapter 7 Trustee.

20. The Debtor dutifully notified the Chapter 7 Trustee upon receiving notice of the Reformation Complaint, who in turn notified the Office of the United States Trustee (the "**UST**").

21. On August 17, 2022, the UST filed a Motion to Reopen the Bankruptcy Case. The Bankruptcy Court granted that Motion and reappointed the Chapter 7 Trustee as the trustee of the bankruptcy estate.

22. On September 1, 2022, the Chapter 7 Trustee filed a Special Appearance Motion to Dismiss the Reformation Case asserting, *inter alia*, lack of subject matter jurisdiction and failure to join an indispensable party. That motion is still pending.

## Count I – Imposition of Stay and Injunction
## (11 U.S.C. § 105(a))

23. The Bankruptcy Court has equitable powers to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the bankruptcy code. 11 U.S.C. § 105(a).

24. The imposition of a stay and an injunction prohibiting the Defendants from taking any action against the 7237 Property is a necessary and appropriate order to enable the Chapter 7 Trustee to carry out her duties under the bankruptcy code.

25. The commencement of a bankruptcy case creates a bankruptcy estate. 11 U.S.C. § 541(a). Property included in a bankruptcy estate is wide-ranging and includes "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

26. The Debtor was the legal and equitable owner of the 7237 Property and Home Tract when she filed the Bankruptcy Case and therefore the 7237 Property and Home Tract are property of the bankruptcy estate.

27. A bankruptcy trustee is the representative of the bankruptcy estate and has the capacity to sue and be sued on behalf of the estate.  11 U.S.C. § 323.  The primary duties of a chapter 7 trustee are to collect property of the bankruptcy estate, sell or otherwise convert that property to money, distribute that money to creditors of the bankruptcy estate, and be accountable for all property received and distributed.  11 U.S.C. § 704(a).

28. As set forth below in Counts II & III, the Chapter 7 Trustee has a claim to the 7237 Property and Home Tract that is superior to the claim of the Defendants by virtue of her status as a judgment lien creditor and bona fide purchaser without notice. Alternatively, the Chapter 7 Trustee can avoid, recover, and preserve the Defendants' Security Deed for the benefit of the bankruptcy estate.

29. If the Defendants are not enjoined from taking further action against the 7237 Property and the Home Tract, then the Chapter 7 Trustee cannot fulfill her duties under § 704(a) to administer these assets for the benefit of creditors.

30. Accordingly, the Bankruptcy Court should impose a stay and issue an injunction prohibiting the Defendants from taking any action against the 7237 Property and Home Tract.

## Count II – Declaratory Relief
### (11 U.S.C. § 544(a))

31. The bankruptcy code provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a).

32. Therefore, the Chapter 7 Trustee has the rights and powers of a bona fide purchaser of the 7237 Property and Home Tract because the Debtor was the legal and equitable owner of this real property on the Petition Date.

33. Georgia law provides that a mortgage is a security for a debt and passes no title. O.G.C.A. § 44-14-30. For a mortgage to be valid, it must clearly indicate the creation of a lien and must specify the debt for which it is given *and the property upon which it is to take effect*. O.G.C.A. § 44-14-31.

34. Because the Defendants' Security Deed does not indicate that it is a lien on the Home Tract, the Security Deed is invalid as to the Home Tract.

35. In the Reformation Complaint, US Bank Trust admits that the Security Deed is invalid as to the Home Tract and US Bank Trust argues in equity that its Security Deed should be reformed to include a lien on the Home Tract.

36. Georgia law, however, provides that a bona fide purchaser of value without notice shall not be interfered with in equity. O.G.C.A. § 23-1-20.

37. Therefore, as a bona fide purchaser without notice under 11 U.S.C. § 544(a), the Chapter 7 Trustee's interest in the Home Tract cannot be interfered with in equity by the Defendants.

38. Accordingly, the Bankruptcy Court should determine that the Chapter 7 Trustee's interest in the Home Tract has priority over any interest of the Defendants and she may administer that asset in accordance with her trustee duties.

### Count III – Avoidance, Recovery, and Preservation of Transfer
### (11 U.S.C. §§ 544(a), 550, 551)

39. As set forth above, 11 U.S.C. §§ 544(a) provides the Chapter 7 Trustee with the status of a judicial lien holder or a bona fide purchaser of real property without notice.

40. Georgia law provides that deeds, mortgages, and liens take priority as to good faith third parties without notice according to filing date with the applicable superior court. O.G.C.A. § 44-2-2(b).

41. Therefore, as a bona fide purchaser of the Home Tract upon which the Security Deed does not cover, the Chapter 7 Trustee can avoid the Security Deed.

42. Similarly, as a judicial lien holder of the Home Tract upon which Defendants do not hold a recorded lien or interest, the Chapter 7 Trustee can avoid the Security Deed.

43. Pursuant to 11 U.S.C. § 550, the trustee may recover a transfer, or the value thereof if so ordered by the court, from a transferee of a transfer avoided under § 544.

44. The Security Deed was a transfer of an interest in the 7237 Property from the Debtor to the Defendants and is avoidable by the Chapter 7 Trustee.

45. Accordingly, the Chapter 7 Trustee should recover the value of the Security Deed from the Defendants in an amount to be determined by the Bankruptcy Court.

46. If the Bankruptcy Court does not order that the Chapter 7 Trustee may recover the value of the Security Deed from the Defendants, then 11 U.S.C. § 551 provides that the avoided Security Deed is preserved for the benefit of the bankruptcy estate.

## Count IV – Other Relief
## (11 U.S.C. § 105(a), FRBP 7054)

47. As stated above, the Chapter 7 Trustee does not have knowledge at this time whether US Bank Trust knew of the deficiencies in the Security Deed when it represented to this Bankruptcy Court that it had a valid, enforceable mortgage on the entire 7237 Property.

48. If US Bank Trust actively decided to misrepresent the status of the Security Deed in order to surreptitiously evade the Chapter 7 Trustee pursuing the bankruptcy estate's interest in the 7237 Property, this is an aggravating factor deserving of an appropriate remedy under 11 U.S.C. § 105(a), and/or Fed. R. Bankr. 7054.

49. Therefore, the Chapter 7 Trustee should be permitted to amend this Complaint upon discovery of any such misrepresentation for additional relief under 11 U.S.C. § 105(a), and/or Fed. R. Bankr. 7054.

**WHEREFORE,** Plaintiff respectfully requests that the Bankruptcy Court enter judgment in favor of Plaintiff and against the Defendants that:

(a) Imposes a stay and enjoins the Defendants from taking any action against the 7237 Property;

(b) Determines that:

(i) the Chapter 7 Trustee's interest in the Home Tract supersedes any interest of the Defendants in the Home Tract and she may administer that asset accordingly; or alternatively

(ii) the Chapter 7 Trustee may avoid and recover the value of the Security Deed from the Defendants or recover and preserve the Security Deed itself for the benefit of the estate;

(c) Permits the Chapter 7 Trustee to amend this Complaint to request additional relief under 11 U.S.C. § 105(a), and/or Fed. R. Bankr. 7054 upon discovery of circumstances supporting such relief; and

(d) Granting such further relief as is deemed just and proper.

Dated: September 22, 2022

HURTT & JOHNSON, LLC
*Special Counsel to Tracey L. Montz, Chapter 7 Trustee*

/s/
David W. Johnson
GA Bar 940310
david@hurttlaw.com

PO Box 1304
Dalton, GA 30722-1304
706.226.5425